IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ROSEMARY CHAVEZ,

    Plaintiff,

v.                                          CASE NO. 1:11-cv-68-SPM-GRJ

WELLS FARGO HOME MORTGAGE, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's *pro se* complaint (Doc. 1) and Plaintiff's Motion to Proceed *In Forma Pauperis.* (Doc. 2.) From a review of the complaint, the facts as presented fail to state a claim upon which relief can be granted. Accordingly, it is respectfully **RECOMMENDED** that the Motion To Proceed *In Forma Pauperis* (Doc. 2) should be **DENIED** and this case should be **DISMISSED**.

### I. Introduction

Plaintiff filed a complaint on the Court's "Civil Rights Complaint Form To Be Used By Pro Se (Non-Prisoner) Litigants In Actions Under 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983" against a number of private parties. (Doc. 1). Plaintiff's complaint is extremely scant on details, but it appears that Plaintiff was named as a party in state court in Case No. 01 2010 CA 4124, which involved foreclosure on a piece of real property. Plaintiff alleges that she does not own any real property and wishes to bring a claim for harassment on February 3, 2011 and March 29, 2011 against each of the Defendants in connection with those foreclosure proceedings. Her only stated claim is

"harassment" and as relief she requests $300,000 for each alleged incident of harassment. (Doc. 1).

## II. Standard of Review

The screening process under 28 U.S.C. §1915 applies to non-prisoner *pro se* litigants who are proceeding *in forma pauperis*. Boyington v. Geo Group, Inc., 2009 WL 3157642 (M.D. Fla.), *citing* Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (dismissals under 28 U.S.C. 1915 apply to non-prisoners, even if fee assessment provisions do not). In order to authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious." Dycus v. Astrue, 2009 WL 47497, at *1 (S.D. Ala.2009). An application to proceed *in forma pauperis* may be denied if the plaintiff either fails to satisfy the poverty requirement or if plaintiff's claim is frivolous. Martinez v. Kristi Kleaner's Inc., 364 F.3d 1305, 1306 (11th Cir.2004); see also Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir.1997) (stating that a court may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious).

A claim is frivolous if it is based on an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 317 (1989) (applying section 1915). This circuit has defined a frivolous appeal under section 1915 as being one 'without arguable merit. " Harris v. Menendez, 817 F.2d 737, 739 (11th Cir.1987) (quoting Watson v. Ault, 525 F.2d 886 892 (5th Cir.1976)). 'Arguable means capable of being convincingly argued. "Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir.1990) (per curiam) (*quoting* Menendez, 817 F.2d at 740 n. 5); see Clark v. State of Ga. Pardons and Paroles Bd., 915 F.2d 636,

639 (11th Cir. 1990) (lawsuit is frivolous if the plaintiff's chances of ultimate success are slight); see also Weeks v. Jones, 100 F.3d 124, 127 (11th Cir.1996) (stating that [f]actual allegations are frivolous for purpose of [28 U.S.C.] 1915(d) when they are clearly baseless; legal theories are frivolous when they are indisputably meritless. ") (citations omitted).

A court may *sua sponte* dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.  The complaint's [f]actual allegations must be enough to raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); see also Cobb v. Florida, 293 Fed. Appx. 708 (11th Cir. 2008) (applying Twombly to a prisoner's *pro se* complaint brought under 42 U.S.C. §1983 and dismissing the claim pursuant to 28 U.S.C. §1915A).  "The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Watts v. Florida International University, 495 F.3d 1289, 1295 (11th Cir. 2007). This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the required element. Twombly, at 1965.  In reviewing the dismissal of a complaint under the 28 U.S.C. 1915A(b)(1), this court accepts allegations in the complaint as true, and pro se pleadings are liberally construed. Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004).

### III.  Discussion

Plaintiff's complaint is due to be dismissed because it fails to state a claim for relief under § 1983.  Plaintiff's complaint fails to allege a claim under § 1983 for at least

two fundamental reasons. First, Plaintiff has sued several private corporations and individuals, none of whom constitute state actors for purposes of § 1983. Second, the amended complaint is devoid of any mention of a constitutional right that allegedly was violated.

A successful section 1983 action requires a plaintiff to show that she was deprived of a federal right by a person acting "under color of state law." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992)(citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)). A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state. Edwards v. Wallace Community College, 49 F.3d 1517, 1522 (11th Cir. 1995)(citing West v. Atkins, 487 U.S. 42, 48-50 (1988)). "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual." *Id.* at 1523 (citing Monroe v. Pape, 365 U.S. 167, 183-84 (1961)(*overruled on other grounds by* Monell v. Department of Social Servs., 436 U.S. 658 (1978))).

Although private individuals and entities may be held liable under §1983, such persons must be jointly engaged with state officials in the prohibited conduct to constitute acting under color of state law for purposes of the statute. Adickes v. Kress & Co., 398 U.S. 144, 152 (1970). Private action may be deemed state action for §1983 purposes only when the challenged conduct may be "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).

To hold that private parties are acting under color of state law pursuant to 42 U.S.C. § 1983, a Plaintiff must prove one of the following three conditions: (1) that the state has coerced or significantly encouraged the parties to violate the Constitution; (2)

the private parties performed a public function that was traditionally the exclusive province of the State; or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was joint participant in the enterprise. <u>Rayburn, ex rel. Rayburn v. Hogue</u>, 241 F.3d 1341, 1347 (11th Cir. 2001).

Plaintiff's complaint is devoid of any allegations that any of the individually named corporate or individual Defendants acted pursuant to state authority or that any of them is a "state actor" who acted under "color of state law." Accordingly, in the absence of any facts suggesting that Defendants' actions were carried out under color of state law, Plaintiff cannot proceed under § 1983.

Secondly, in order to allege a claim under § 1983 a plaintiff must allege facts supporting a violation of Plaintiff's federal constitutional rights. The complaint contains no mention that any of Plaintiff's constitutional rights were violated and her only statement of claims is "Harassment.  I do not own any real estate property."  (Doc. 1). Accordingly, Plaintiff's complaint fails to state a claim for relief under § 1983 and, therefore, to the extent Plaintiff intended to proceed under § 1983, her complaint should be dismissed.

Accordingly, for these reasons, it is respectfully **RECOMMENDED** that the Motion To Proceed *In Forma Pauperis* (Doc. 2) should be **DENIED** and this cause should be **DISMISSED** for failing to state a claim for relief.

At Gainesville, Florida, this 7th day of September, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**